1

2

3

4

5

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9  **SOUTHERN DIVISION**

10

BRANDI ADAMS and TREVOR
11  HOLDEN, individually and on behalf
of all others similarly situated,

12
Plaintiffs,
13

v.
14

CALIBRATED HEALTHCARE
15  SYSTEMS, LLC and CALIBRATED
HEALTHCARE, LLC,
16

Defendants.
17

| Lead Case No.: 8:24-cv-01754-JWH-KES |
| --- |
| **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

18

19

20

21

22

23

24

25

26

27

28

1

1

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release, dated Sept. 17, 2025, is made and entered into by and among the Class Representatives Brandi Adams and Trevor Holden, for themselves individually and on behalf of the Settlement Class,[1] and Defendants Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC (collectively, the "Parties"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all of the Class Representatives and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## I.   BACKGROUND

**WHEREAS**, on or about February 26, 2024, Calibrated became aware of a security incident during which unauthorized parties accessed certain systems within its computer network between February 25, 2024 and February 26, 2024, and, during that timeframe, certain files containing the personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Confidential Information") of its patients were allegedly accessed, viewed, copied, and disclosed without authorization ("Data Breach"). Calibrated subsequently sent Plaintiffs and Class Members a letter entitled "Notice of Data Breach."

**WHEREAS**, following the announcement of the alleged Data Breach, two putative class action complaints were filed concerning the Data Breach in the Central District of California: *Adams v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754; and *Holden v. Calibrated Healthcare, LLC*, Case No. 5:24-cv-01946.

**WHEREAS**, those cases were consolidated before the Honorable John W. Holcomb of the Central District of California under lead case *Adams v. Calibrated Healthcare Systems, LLC, et al.*, Case No. 8:24-cv-01754 (C.D. Cal.). (Dkt. 35.)

---

[1] Except as otherwise specified, capitalized words and terms herein shall have the meanings ascribed in Paragraph IV.A. herein entitled "Definitions."

2

**WHEREAS**, Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLC were appointed as Interim Co-Lead Class Counsel and members of the Plaintiffs' Steering Committee. (Dkt. 29, 35.)

**WHEREAS**, on January 10, 2025, Plaintiffs filed a Consolidated Class Action Complaint, alleging the Data Breach exposed Plaintiffs' and Class Members' names, dates of birth, medical diagnosis/treatment information, health insurance information, including claims and billing information, and, for some patients, their Social Security number and/or driver's license number (collectively, "Confidential Information"). (Dkt. 36.) Plaintiffs alleged against all Defendants claims for: (1) violation of the California Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56, *et seq.*); (2) violation of the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150, *et seq.*); (3) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*) for unlawful, fraudulent, and unfair business practice; (4) violation of California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (5) violation of California Consumer Records Act ("CRA") (Cal. Civ. Code § 1798.82, *et seq.*); (6) negligence; (7) invasion of privacy; (8) breach of contract; (9) breach of implied contract; and (10) unjust enrichment. (Dkt. 36.)

**WHEREAS**, on February 11, 2025, the Court approved the Parties' Stipulation to extend the time for Calibrated to respond to the Complaint to June 11, 2025, to allow the Parties to attend private mediation on May 21, 2025. (Dkt. 38.)

**WHEREAS**, the Parties engaged in pre-mediation discovery and extensive arm's-length settlement negotiations and, on May 21, 2025, participated in a full-day mediation session before experienced mediator Jill R. Sperber, Esq. While there was no resolution at the mediation, the Parties continued to engage in arm's-length settlement negotiations through Ms. Sperber.

**WHEREAS**, on June 10, 2025, the Parties informed the Court that they did not

3

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

reach a resolution at mediation, but they continued to negotiate in good faith and were making progress towards a resolution and requested a further extension for Calibrated to respond to the Complaint to July 11, 2025, which the Court approved on June 11, 2025. (Dkt. 39-40.)

**WHEREAS**, the Parties continued to engage in extensive arm's-length settlement negotiations through Ms. Sperber, and subsequently reached an agreement in principle to settle the Action in full on a class-wide basis, which they informed the Court through a Joint Notice of Settlement on July 3, 2025. (Dkt. 41.)

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all Claims, actions, and proceedings asserted, or that could be asserted, against Defendants Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC, and the other Released Parties arising out of or related in any way to the alleged Data Breach, by or on behalf of members of the Settlement Class herein defined, but excluding those who submit a proper and timely Request for Exclusion from the Settlement Class after receiving notice of this Settlement or as otherwise stated in this Agreement.

## II.    PLAINTIFFS' CLAIMS AND BENEFITS OF THE SETTLEMENT

**WHEREAS**, Plaintiffs and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and Defendants' potential defenses. Based on an analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden and expense of continued litigation, including the risks and uncertainties associated with class certification, a protracted trial and appeal(s), as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded important benefits and protections as expediently as possible. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of further litigation, as well as the

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

difficulties and delays inherent in such litigation.

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS**, Defendants similarly have concluded that this Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class, which they vigorously dispute on the merits.

### III.   FOR SETTLEMENT PURPOSES ONLY

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendants specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Defendants of: (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind.

### IV.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, and Defendants that, subject to Court approval, the Action and Released Claims shall be finally and fully compromised, settled, and released, and a Judgment and Final Approval Order shall be entered subject to the following terms and conditions of this Settlement Agreement.

#### A.   Definitions

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.   "***Action***" means the consolidated class action captioned *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-

1 KES (C.D. Cal.), before the Honorable John W. Holcomb in the Central District of

2 California.

3       2.      ***"Administrative Expenses"*** means all expenses incurred in the

4 administration of this Settlement, including, without limitation, all Notice Expenses,

5 locating Settlement Class Members, determining the eligibility of any person to be a

6 Settlement Class Member, administrating and processing Settlement Class Member

7 Claim Forms, and administering, calculating, and distributing the Settlement Fund to

8 Settlement Class Members. Administrative Expenses also include all reasonable third-

9 party fees and expenses incurred by the Settlement Administrator in administering the

10 terms of this Agreement. If appointed by the Court, Simpluris has agreed to cap the

11 cost for administration at $135,000.00.

12       3.      "***Agreement***," "***Settlement Agreement***," or "***Settlement***" mean

13 this Class Action Settlement Agreement and Release (including all exhibits hereto).

14       4.      "***Approved Claim***" means a claim for either an Out-of-Pocket

15 Costs Payment or a Documented Time Payment as evidenced by a Claim Form

16 submitted by a Settlement Class Member that: (a) is timely and submitted in

17 accordance with the directions on the Claim Form and the terms of this Agreement; (b)

18 satisfies the conditions for Out-of-Pocket Costs or Documented Time; and (c) has been

19 approved by the Settlement Administrator; or (d) otherwise is accepted by the Court.

20       5.      "**CAFA Notice**" means a notice of the proposed Settlement in

21 compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec.

22 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State

23 where Class Member resides and the appropriate federal official within ten (10) days

24 of the filing of the Motion for Preliminary Approval. Costs for preparation and

25 issuance of the CAFA Notice will be paid from the Settlement Fund.

26       6.      "***Claimant***" means a Settlement Class Member who submits a

27 timely and valid Claim Form for Out-of-Pocket Costs or Documented Time.

28       7.      "***Claim Form***" means the form attached hereto as **Exhibit A**, as

approved by the Court. The Claim Form must be submitted physically (*via* U.S. Mail) or electronically (*via* the Settlement Website) by Settlement Class Members who wish to file a claim for Out-of-Pocket Costs or Documented Time pursuant to the terms and conditions of this Agreement or elect to receive their Settlement Payment electronically pursuant to Paragraph 78. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

8.    "*Claims Deadline*" means the date by which all Claim Forms must be submitted electronically or postmarked to be considered timely and shall be set as the date ninety (90) days after the Notice Date, or such other date as the Court may order. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

9.    "*Claims Period*" means the period during which Settlement Class Members may submit Claim Forms to receive Out-of-Pocket Costs and Documented Time and shall commence on the Notice Date and shall end on the date ninety (90) days thereafter, or such other date as the Court may order.

10.    "*Class Counsel*" means attorneys Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLC.

11.    "*Class Representatives*" and "*Plaintiffs*" mean Brandi Adams and Trevor Holden.

12.    "*Complaint*" means the Consolidated Class Action Complaint filed in the Action on January 10, 2025. (Dkt. 36.)

13.    "**Confidential Information**" means Plaintiffs' and Class Members' names, dates of birth, medical diagnosis/treatment information, health insurance information, including claims and billing information, and, for some patients, their Social Security number and/or driver's license number.

14.    "***Court***" means the United States District Court for the Central District of California, Southern Division, the Honorable John W. Holcomb (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

15.    "***Data Breach***" refers to the alleged data breach that is the subject of this Action, namely the alleged February 25-26, 2024, ransomware attack on Calibrated, which compromised certain of its systems that contained Plaintiffs' and Class Members' information, including potentially PII and PHI.

16.    "***Defendants***" means, collectively, Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC.

17.    "***Defendants' Counsel***" means Casie D. Collignon, Jason A. Orr, and Michael A. Kushner of Baker & Hostetler LLP on behalf of Defendants.

18.    "***Documented Time***" refers to time actually spent by a Settlement Class Member supported by Reasonable Documentation for attempting to remedy or remedying issues fairly traceable to the alleged Data Breach, including time spent on any identity fraud, theft, fraud, bank fees, card cancellations, credit card fees, late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, placing a freeze or alert on credit reports, and replacing a driver's license, state identification card, or social security number.

19.    "***Effective Date***" means one business day following the latest of: (i) the deadline for filing or noticing any appeal of the Final Approval Order and Judgment if a notice of appeal has not been filed; (ii) in the event of an appeal, the date of the appellate court's mandate, provided that the mandate finally affirms and leaves in place the Final Approval Order and Judgment without any material modification; or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and Judgment.

20.    "***Fee Award and Costs***" means the amount of attorneys' fees and

8

reimbursement of Litigation Costs awarded by the Court to Class Counsel.

21. "***Final Approval Order and Judgment***" means, collectively, an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement and dismisses the Action with prejudice and without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively.

22. "***Final Approval Hearing***" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment. The Parties shall request that the Court schedule the Final Approval Hearing for a date that complies with the Class Action Fairness Act ("CAFA") notice provisions in 28 U.S.C. §1715(d).

23. "***Litigation Costs***" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

24. "***Long Form Notice***" means the long form notice of settlement, substantially in the form attached hereto as **Exhibit D**.

25. "***Medical Monitoring and Identity Theft Insurance Services***" means the medical monitoring and identity theft insurance services that will automatically be provided to Settlement Class Members by CyEx, as further set forth in Paragraph 75 of this Agreement.

26. "***Monetary Payment***" refers to the payment automatically distributed to each Settlement Class Member from the Net Settlement Fund for the alleged damages they suffered as a result of having their Confidential Information allegedly disclosed during the Data Breach, which includes the damages for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*

27. "***Net Settlement Fund***" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the

9

Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Taxes, (iii) the cost of procuring Medical Monitoring and Identity Theft Insurance Services for all Settlement Class Members, (iv) any Service Awards approved by the Court, and (v) any Fee Award and Costs approved by the Court.

28. "*Non-Profit Residual Recipient*" means Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) non-profit organization.

29. "*Notice Date*" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class, which shall be within thirty (30) days of the Settlement Administrator receiving the Settlement Class List from Defendants, or such other date as the Court may order.

30. "*Notice Expenses*" means all reasonable costs and expenses expended in the execution of the Notice Plan, including: (i) all costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet, and publishing the Settlement Class Notice, identifying members of the Settlement Class, and informing them of the Settlement, and (ii) any other reasonable and necessary Notice and Notice-related expenses.

31. "*Notice Plan*" means the plan described in this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Final Approval Hearing. Under the Notice Plan, Settlement Class Members identified in the Settlement Class List will be mailed the Summary Notice.

32. "*Objection Deadline*" means the date by which Settlement Class Members must file and postmark all required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application or motion for: (i) the Fee Award and Costs, or (ii) the Service Awards, which shall be sixty (60) days following the Notice Date, or such other date as the Court may order.

33. "*Opt-Out Period*" means the period in which a Settlement Class

10

Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire sixty (60) days following the Notice Date, or such other date as the Court may order. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

34. "***Out-of-Pocket Costs***" means out-of-pocket costs or expenditures supported by Reasonable Documentation that a Settlement Class Member actually incurred, including unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or social security number) that are related to any identity theft and fraud fairly traceable to the alleged Data Breach and incurred on or after February 25, 2024.

35. "***Parties***" means, collectively, the Class Representatives and Defendants.

36. "***Person***" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns.

37. "***Preliminary Approval Order***" means the Court's Order preliminarily approving the Settlement without material modifications to the proposed order or this Agreement that are unacceptable to all Parties. A Proposed Preliminary Approval Order is attached to this Agreement as **Exhibit E**.

38. "***Reasonable Documentation***" means documentation establishing a claim for Out-of-Pocket Costs or Documented Time, including, but not limited to, credit card statements, bank statements, invoices, telephone records, personal declarations or affidavits, and receipts. Out-of-Pocket Costs or Documented Time cannot be documented solely by a personal certification, declaration, or affidavit

1  from the Claimant; a Settlement Class Member must provide supporting
2  documentation.

3      39.    "*Released Claims*" means any and all claims or causes of action,
4  including any causes of action in law, claims in equity, complaints, suits or petitions,
5  and any allegations of wrongdoing, demands for legal, equitable or administrative
6  relief (including, but not limited to, any claims for injunction, rescission, reformation,
7  restitution, disgorgement, constructive trust, declaratory relief, attorneys' fees, costs,
8  interest or expenses) that the Releasing Parties had or have prior to the Effective Date
9  (including, but not limited to, assigned claims and any and all "Unknown Claims" as
10 defined below) that have been or could have been asserted in the Action or in any other
11 action or proceeding before any court, arbitrator(s), tribunal, or administrative body
12 (including but not limited to any state, local or federal regulatory body), arising from
13 the alleged Data Breach or the acts, omissions, or other conduct by Defendants as
14 alleged in the Action or that could have been alleged in the action, regardless of
15 whether the claims or causes of action are based on federal, state, or local law, statute,
16 ordinance, regulation, contract, common law, or any other source. The Released
17 Claims shall specifically include the claims in this Action for (1) violation of the
18 California Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code §
19 56, *et seq.*); (2) violation of the California Consumer Privacy Act ("CCPA") (Cal. Civ.
20 Code § 1798.150, *et seq.*).; (3) violation of the California Unfair Competition Law
21 ("UCL") (Cal. Business & Professions Code § 17200, *et seq.*) for unlawful, fraudulent,
22 and unfair business practice; (4) violation of California Consumers Legal Remedies
23 Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (5) violation of California Consumer
24 Records Act ("CRA") (Cal. Civ. Code § 1798.82, *et seq.*); (6) negligence; (7) invasion
25 of privacy; (8) breach of contract; (9) breach of implied contract; and (10) unjust
26 enrichment. Released Claims for any Person in the Settlement Class identified on the
27 Settlement Class List shall consist of a release of claims to the extent permitted
28 pursuant to Federal Rules of Civil Procedure 23(b)(3).

40.    "*Released Parties*" means:

- Defendants and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing;

- Plaintiffs and Class Counsel; and

- All data owners whose data may have been compromised in the Data Breach, and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing.

Each of the Released Parties may be referred to individually as a "Released Party."

41.    "*Releasing Parties*" means Plaintiffs, all Persons in the Settlement Class, including those submitting or not submitting a claim form for a Settlement Benefit. For minor children, "Releasing Parties" also includes their parents, guardians, guardian ad litem, or any like fiduciary. Each of the Releasing Parties may be referred to individually as a "Releasing Party." The Releasing Parties shall release claims to the fullest extent permitted pursuant to Federal Rule of Civil Procedure 23. The Releasing Parties shall exclude any individual who timely submits a proper and timely Request for Exclusion, as defined below.

42.    "*Request for Exclusion*" is the written communication by an individual, or his or her legal representative, in which he or she requests to be excluded from the Settlement Class.

43.    "*Service Awards*" means the amount of remuneration to be paid to the Class Representatives in recognition of their efforts on behalf of the Settlement

13

Class, in an amount to be ordered by the Court, as set forth in Section IV.K.

44. "*Settlement Administrator*" means the qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Notice. Plaintiffs recommend, and Defendants do not oppose, that the Court appoint Simpluris as Settlement Administrator to design, consult on, and implement the Notice and related requirements of this Agreement, the Settlement Website, the submission and review of Claim Forms, and related requirements of this Agreement, subject to the Court's approval.

45. "*Settlement Benefits*" means the total value of benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and relief and Administrative Expenses.

46. "*Settlement Class*" means the approximately 34,562 persons identified on the Settlement Class List, including Plaintiffs, whose Confidential Information may have been compromised as a result of the Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, members of their families, and staff; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors; (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach, or who pleads *nolo contendere* to any such charge.

47. "*Settlement Class List*" means the list generated by Defendants containing the last known name and mailing address for the approximately 34,562 persons who fall under the definition of the Settlement Class, which Defendants will confidentially provide to the Settlement Administrator (and no other entity or

individual who does not already have such list) within seven (7) days of the Preliminary Approval Order. The Settlement Class List will be updated by the administrator prior to the Notice Date by use of National Change of Address Registry.

48.    "*Settlement Class Member*" means a Person who falls within the definition of the Settlement Class and who does not submit a valid and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

49.    "*Settlement Class Notice*" or "*Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Settlement Class Notice shall consist of the Summary Notice and the Long Form Notice.

50.    "*Settlement Fund*" means the sum of One Million Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00) to be paid by Defendants as specified in Section IV.D. of this Agreement, plus any interest accrued thereon after Defendants' payment.

51.    "*Settlement Payment*" means any payment to be made to any Settlement Class Member pursuant to Section IV.E. of this Agreement.

52.    "*Settlement Website*" means the Internet website, with the following URL address, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents, including the Settlement Agreement and Release, Settlement Class Notice, information about the submission of Claim Forms, downloadable Claim Forms, and other relevant documents: www.calibratedsettlement.com.

53.    "*Summary Notice*" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F**.

54.    "*Taxes*" means (i) any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned

15

by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants or their counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

55.     "*Unknown Claims*" shall have the meaning set forth below in Paragraph 61 of this Agreement.

**B.     Required Events and Cooperation by Parties**

56.     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall move the Court to enter the Preliminary Approval Order in the form attached as **Exhibit E**.

57.     <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

58.     <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and Defendants stipulate to the certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3), which is contingent upon the Court entering the Preliminary and Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive preliminary or final approval from the Court, or (2) the Effective Date does not occur, this Agreement and the certification of any Settlement Class shall be void. Defendants reserve the right to contest class certification for all other purposes. Plaintiffs and Defendants further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

59. <u>Final Approval</u>. Within thirty (30) days after the Claims Deadline, Class Representatives and Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing. The motion shall request a Final Approval Hearing on the first Monday that is more than twenty-eight (28) days after the filing of the motion, subject to Court availability. Contemporaneously with seeking Final Approval of the Settlement, the Parties shall cause to be filed with the Court a declaration from the Settlement Administrator with respect to the Notice program and the Claims process.

## C. Releases

60. <u>The Release</u>. Upon the Effective Date, and in consideration of the Settlement Benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

61. <u>Unknown Claims</u>. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree or object to, or opt-out of, the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

17

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

62.    Exclusive Remedy. This Agreement shall be the sole and exclusive remedy of the Releasing Parties against any of the Released Parties relating to any and all Released Claims. Upon the entry of the Judgment, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

63.    Covenant Not to Sue. The Releasing Parties, including all persons or entitled to act by, through, under, or in concert with any of them, agree not to sue or otherwise make a claim against the Released Parties with respect to any Released Claims.

64.    Jurisdiction of the Court. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement.

**D.    Settlement Fund**

65.    Deposits. Defendants agree to pay One Million Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00) into the Settlement Fund as

18

follows: (i) Defendants shall pay Two Hundred Fifty Thousand Dollars and No Cents ($250,000.00) into the Settlement Fund twenty-one (21) calendar days after the Court enters the Preliminary Approval Order to cover reasonable costs associated with the Notice Plan and any other Administrative Expenses incurred prior to entry of the Final Approval Order and Judgment; and (ii) Defendants shall pay One Million Five Hundred Thousand Dollars and No Cents ($1,500,000.00) into the Settlement Fund within twenty-one (21) calendar days after the Court enters the Final Approval Order and Judgment. All payments described herein are contingent upon Defendants' timely receipt of a W9 and verified instructions for payment by check from the Settlement Administrator.

66.    <u>Custody of Settlement Fund.</u> The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

a.    In the event this Settlement Agreement is voided, terminated, or cancelled for any reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Section IV.F; (ii) any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with Section IV.F of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to the Defendants who made payment into the Settlement Fund; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

67.    <u>Non-Reversionary.</u> This Settlement is not a reversionary settlement. As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Paragraph 66 and Section IV.J in this Agreement. In the

19

event that the Settlement received Preliminary and Final Approval and the Effective Date occurs, no portion of the Settlement Fund shall be returned to any Defendant.

68.     Use of the Settlement Fund. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; (v) the cost of the Medical Monitoring and Identity Theft Insurance Services; (vi) the Monetary Payments; (vii) any Approved Claims for Out-of-Pocket Costs Payment and Documented Time Payments pursuant to the terms and conditions of Paragraph 76 of this Agreement; and (viii) any other Settlement Benefits.

69.     Financial Account. The Settlement Fund shall be an account established and administered by the Settlement Administrator at a financial institution approved by Class Counsel and Defendants' Counsel, and shall be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1.

70.     Payment/Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. Class Counsel may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

71.     Payments to Class Members. The Settlement Administrator, subject to such supervision and direction of the Court or Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Settlement Fund to Settlement Class Members pursuant to this Agreement. The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Settlement Fund and

amounts paid under the Settlement.

72.     <u>Treasury Regulations & Fund Investment.</u> The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

73.     <u>Taxes.</u> All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible

21

for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

74.    Limitation of Liability.

a.    The Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any tax returns. Defendants also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

b.    The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, the filing of any tax returns, or the Fees Award and Costs.

c.    The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and Defendants harmless for (i)

any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**E.    Settlement Benefits**

75.    Each Settlement Class Member shall receive, without being required to file a Claim Form, the following:

a.    <u>Medical Monitoring and Identity Theft Insurance Services.</u> Each Settlement Class Member will receive two years of Medical Monitoring and Identity Theft Insurance Services. The Medical Monitoring and Identity Theft Insurance Services will be Medical Shield Total provided by CyEx, which retails for $29.95 per month. In the event that a Settlement Class Member already maintains a subscription for the Medical Monitoring and Identity Theft Insurance Services with CyEx, their service will be extended by two years for no additional charge. The expenses associated with procuring Medical Monitoring and Identity Theft Insurance Services on behalf of the Settlement Class Members will be paid by the Settlement Administrator from the Settlement Fund. The Medical Monitoring and Identity Theft Insurance Services will provide certain services to each Settlement Class Member, including: 3-Bureau Credit Monitoring; Health Insurance Plan Number Monitoring; Medical Record Number Monitoring; Medical Beneficiary Identifier Monitoring; National Provider Number Monitoring; International Classification of Diseases Monitoring; Dark Web Monitoring; High Risk Transaction Monitoring; Health Savings Account Monitoring; Real Time Authentication Alerts; Security Freeze

Assist; Insight & Tips News Feeds on the Customer Dashboard; $1,000,000 Comprehensive Medical; Identity Theft Insurance; Victim Assistance; and Customer Support.[2]

b.    <u>Monetary Payment.</u> In addition to Medical Monitoring and Identity Theft Insurance Services, each Settlement Class Member will automatically be sent payment from the Settlement Fund for the alleged damages they suffered as a result of having their Confidential Information allegedly disclosed during the Data Breach, which includes the damages for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq*. The payment amount will depend on the participation rate for the Settlement and the amount will be each Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after all other Settlement Benefits have been paid for out of the remaining Net Settlement Fund. The payment amount will likely be between approximately $28.68 and $21.44, depending on the number of approved Out-of-Pocket Costs Payments and Documented Time Payments.

76.    Each Settlement Class Member may submit a Claim Form to receive the following:

a.    <u>Out-of-Pocket Costs Payment</u>. In addition to the Medical Monitoring and Identity Theft Insurance Services and a Monetary Payment, each Settlement Class Member may submit a claim for up to $5,000.00 for reimbursement of Out-of-Pocket Costs ("Out-of-Pocket Costs Payment"). To receive an Out-of-Pocket Costs Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid and timely Claim Form electing to receive the Out-of-Pocket Costs Payment benefit; (ii) an attestation regarding any actual and unreimbursed Out-of-Pocket Costs; and (iii)

---

[2] *See Medical Shield*, CyEx, https://cyex.com/medical-shield (last visited Aug. 12, 2025).

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Reasonable Documentation that demonstrates the Out-of-Pocket Costs to be reimbursed. Under no circumstances shall the aggregate of approved Out-of-Pocket Costs Payments exceed One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00). If the total value of Approved Claims for Out-of-Pocket Costs were to exceed One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00), then all Out-of-Pocket Costs Payments shall be reduced pro rata.

b. <u>Documented Time Payment</u>. In addition to the Medical Monitoring and Identity Theft Insurance Services, a Monetary Payment, and an Out-of-Pocket Costs Payment, each Settlement Class Member may submit a claim for up to seven hours of Documented Time at $25.00 per hour ("Documented Time Payment"). To receive a Documented Time Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid and timely Claim Form electing to receive the Documented Time Payment benefit; (ii) an attestation regarding the Documented Time; and (iii) Reasonable Documentation that demonstrates their Documented Time. Under no circumstances shall the aggregate of approved Documented Time Payments exceed One Hundred Thousand Dollars and Zero Cents ($100,000.00). If the total value of Approved Claims for Documented Time were to exceed One Hundred and Fifty Thousand Dollars and Zero Cents ($100,000.00), then all Documented Time Payments shall be reduced pro rata.

77. <u>Residual Funds</u>. To the extent any monies remain in the Net Settlement Fund more than one hundred sixty (160) days after the distribution of Settlement Payments to the Settlement Class Members, a subsequent Settlement Payment will be evenly made to all Settlement Class Members who cashed or deposited the initial Settlement Payment they received, provided that the average check amount is equal to or greater than Three Dollars and Zero Cents ($3.00). The pro rata distribution of these residual funds remaining in the Net Settlement Fund shall continue until the average check amount in a distribution is less than Three Dollars and Zero

Cents ($3.00). If the average check amount in the distribution would be less than Three Dollars and Zero Cents ($3.00), the remaining Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

78.    <u>Electronic Payment.</u> Settlement Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement by electronic payment. In the event Settlement Class Members do not exercise this option, they will receive their Settlement Payment by a physical check sent by U.S. Mail.

79.    <u>Deadline to File Claims.</u> Claim Forms for Out-of-Pocket Costs Payment and Documented Time Payment must be submitted electronically, or postmarked, within ninety (90) days after the Notice Date.

80.    <u>The Settlement Administrator.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, complete, and reflects valid Out-of-Pocket Costs or Documented Time. Any Out-of-Pocket Costs or Documented Time shall be deemed fairly traceable to the alleged Data Breach, as determined by the Settlement Administrator, if the Out-of-Pocket Costs or Documented Time occurred on or after February 25, 2024, and the Settlement Administrator determines the Out-of-Pocket Costs and Documented Time incurred are related to the types of Confidential Information subject to the alleged Data Breach. To the extent, the Settlement Administrator determines a timely claim for an Out-of-Pocket Costs Payment or Documented Time Payment submitted through a Claim Form is deficient, within ten (10) business days of making such a determination, the Settlement Administrator shall notify the Claimant of the deficiencies and that Claimant shall have until twenty (20) business days after the Claims Deadline to cure the deficiencies and re-submit the claim. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim such that it reflects valid Out-of-Pocket Costs or Documented Time that are fairly traceable to the alleged Data Breach. If the Claimant fails to cure the deficiency, the

Settlement Administrator shall have no obligation to make the Out-of-Pocket Costs Payment or Documented Time Payment to that Claimant.

81.    <u>Timing of Settlement Benefits.</u> Within thirty (30) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Paragraph 80 of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to Settlement Class Members. Within thirty (30) days of the Effective Date, the Settlement Administrator shall provide Settlement Class Members with the activation code and enrollment instructions for the Medical Monitoring and Identity Theft Insurance Services. Settlement Class Members who receive an Out-of-Pocket Costs Payment, a Documented Time Payment, and/or a Monetary Payment, by physical check, shall have ninety (90) days following distribution to deposit or cash their check.  Any Settlement Class Member who does not cash their check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue, and good cause providing, the Settlement Administrator will issue a new check. Settlement Class Members are entitled to only one petition on this basis, and any check reissued for such reasonable circumstances will expire within thirty (30) days of reissuance. Settlement Class Members who fail to petition for a reissuance of the uncashed check will be considered as having waived any right to a cash payment under the Settlement Agreement. Settlement Class Members who receive the Medical Monitoring and Identity Theft Insurance Services shall have ninety (90) days following distribution of the enrollment instructions to sign up for the services.

82.    <u>Pro-Rata Contingencies.</u>

a.    In the event that the total value of all Approved Claims for Out-of-Pocket Costs were to exceed One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00), then the Out-of-Pocket Costs Payment to be paid to each Settlement Class Member shall be reduced on a pro rata basis, such that the aggregate value of all Out-of-Pocket Payments does not exceed One Hundred and Fifty Thousand

27

Dollars and Zero Cents ($150,000.00).

        b.     If the total value of all Approved Claims for Documented Time were to exceed One Hundred Thousand Dollars and Zero Cents ($100,000.00), then the Documented Time Payment to be paid to each Settlement Class Member shall be reduced on a pro rata basis, such that the aggregate value of all Documented Time Payments does not exceed One Hundred Thousand Dollars and Zero Cents ($100,000.00).

        c.     All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator.

        83.    <u>Returned Checks.</u> For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Settlement Payment.

        84.    <u>Residue of Settlement Fund.</u> No portion of the Settlement Fund shall revert or be repaid to Defendants after the Effective Date. Any residual funds remaining in the Net Settlement Fund, after all Administrative Expenses, Taxes, costs associated with the Medical Monitoring and Identity Theft Insurance Services, payment to Approved Claims for Out-of-Pocket Costs Payments and Documented Time Payments, and Monetary Payments have been paid (or set aside for such purposes), and the redistribution of residual funds as described in Paragraph 77, shall be distributed to Non-Profit Residual Recipient.

        85.    <u>Additional Settlement Benefits to the Class.</u> The Parties agree, and hereby stipulate, that Class Representatives, Class Counsel, and this litigation were a substantial motivating factor for the following remedial efforts taken by Defendants, which are estimated to have cost Defendants an amount in excess of $630,000.00:

- Hiring a Chief Information Security Officer;
- Hiring additional cyber security analysts;
- Updating servers;
- Implementing additional cyber security and loss prevention systems; and
- Implementing multi-factor authentication to all network access points.

86.    Total Settlement Value. Given the amount of the Settlement Fund, the provision of at least two years of Medical Monitoring and Identity Theft Insurance Services to all Settlement Class Members, and the improvements to Defendants' data security practices that resulted from this Action, Plaintiffs and Class Counsel's current estimation, which is not opposed by Defendants, of the total value of the settlement benefits offered to the Settlement Class is $27,184,332.60. The Settlement Value includes the $1,750,000.00  Settlement Fund, the $630,000.00 in enhanced security measures by Defendants (for which the litigation was a substantial motivating factor) listed in Paragraph 85, and $24,843,165.60[3] in value that the Settlement Class will receive based on the Medical Monitoring and Identity Theft Insurance Services detailed in Paragraph 75, before deducting the cost of providing that benefit.

### F.    Settlement Administration

87.    Submission of Claims.

a.    Submission of Electronic or Hard Copy Claim Forms. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement

---

[3] $29.95 monthly cost x 24 months = $718.80 value.  $718.80 value x 34,562 Class Members = $24,843,165.60 value before deducting the cost of providing that benefit.

Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and shall provide Claimants the ability to cure timely, but defective claims as provided in Paragraph 80.

      b.     <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for an Out-of-Pocket Costs Payment or Documented Time Payment.

      88.     <u>Settlement Administrator's Duties</u>.

      a.     <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

      b.     <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Settlement Class Notice as provided for in this Agreement.

      c.     <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator shall:

      i.     Receive Requests for Exclusion from Settlement

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Class Members and provide Class Counsel and Defendants' Counsel a copy thereof no later than five (5) days following the Opt-Out Period, or receipt if received after expiration of the Opt-Out Period.

ii.     Provide weekly reports to Class Counsel and Defendants' Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Defendants' Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund.

iii.     Make available for inspection by Class Counsel and Defendants' Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

iv.     Cooperate with any audit by Class Counsel or Defendants' Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

d.     Creation and Maintenance of Settlement Website. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including the Long Form Notice, Summary Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests of Exclusion electronically through the Settlement Website. The Settlement

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Website shall be deactivated thirty (30) days after the Settlement Funds have been fully exhausted, unless otherwise ordered by the Court.

89.    <u>Requests for Additional Information</u>. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

90.    <u>Timing of Settlement Benefits</u>. The Settlement Administrator shall comply with Paragraph 88 herein and shall make all Settlement Payments contemplated in Paragraphs 75-76 of this Agreement by either electronic payment or check and send them to Settlement Class Members within thirty (30) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Paragraph 80 of this Agreement, whichever date is later.

**G.    Settlement Class Notice**

91.    <u>Direct Notice</u>. Within seven (7) days after the date of the Preliminary Approval Order, Defendants shall provide the Settlement Class List to the Settlement Administrator. Because the Settlement Class List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing Requests for Exclusion, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants and Defendants' Counsel, and shall ensure that any information provided to it by Settlement Class Members, Class Counsel, Plaintiffs' Counsel, Defendants' Counsel, or Defendants, including the Settlement Class List, will be secure and used solely for the purpose of effecting this Settlement.

92.    Within thirty (30) days after receipt of Settlement Class List, the Settlement Administrator shall disseminate the Summary Notice to the members of the Settlement Class by U.S. Mail. Settlement Class Members may use the unique class member identifier contained in the Summary Notice to log on the Settlement Website and either download a Claim Form to submit by mail or submit the Claim Form online.

The Settlement Administrator shall use other reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one Claim Form per person. In the event a Claim Form is submitted without a unique class member identifier the Settlement Administrator shall employ reasonable effort to ensure that the Claim is valid.

93.    <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice, within fourteen (14) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement.

94.    <u>Contents of the Long Form Notice</u>. The Long Form Notice shall, *inter alia*, (i) specify the deadline for Settlement Class Members to submit Requests for Exclusion from, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Final Approval Hearing if, on or before the deadline to submit a proper and timely Request for Exclusion, object to, or otherwise comment upon the Settlement, the Person making the objection files copies of such papers he or she proposes to submit for consideration at the Final Approval Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) contain instructions on how to submit a Claim Form; (iii) note the deadline for Settlement Class Members to submit a Claim Form; and (iv) note the date, time, and location of the Final Approval Hearing. A copy of the Long Form Notice is attached hereto as **Exhibit D** hereto.

**H.    Opt-Out Procedures**

95.    At any time during the Opt-Out Period, any individual on the Settlement Class List may submit a Request for Exclusion from the Settlement at any

time during the Opt-Out Period. To be valid, the Request for Exclusion must be: (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is submitted by U.S. Mail such Request for Exclusion must be in writing and must identify: (i) the case name and number: *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.); (ii) state the name, address, and telephone number of the Settlement Class Members seeking exclusion; (iii) be physically signed by the person seeking exclusion; and (iv) contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of this Settlement Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" Requests for Exclusion.

## I.    Objection and Comment Procedures

96.    Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Final Approval Hearing. Except as the Court may order otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or other documents submitted by any objector shall be received and considered by the Court unless such objector mails to the Court a written objection with the caption *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.), that includes: (i) the Settlement Class Member's full name, current mailing address, and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement

34

Class and the basis of such belief; (iii) the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider; (v) a statement regarding whether they (or counsel of their choosing) and/or any witnesses intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three years. All written objections must be postmarked no later than the Objection Deadline. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

### J.      Modification or Termination of the Agreement

97.    <u>Limitation of Liability.</u> The Class Representatives collectively (on behalf of the Settlement Class Members) and Defendants shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of: (1) the Court's refusal to grant Preliminary or Final Approval of the Agreement in any material respect; or (2) within fourteen (14) days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

98.    Defendants shall also have the have the sole discretion to terminate the Settlement Agreement if a certain number Settlement Class Members Class elect to opt-out of the Settlement Class. That number is separately agreed to by the Parties and will be filed with the Court under seal so as to preserve the confidentiality of the Supplemental Agreement. If Defendants elects to terminate the Settlement Agreement, it must notify Class Counsel that it intends to pursue that right pursuant to this provision, if any such right exists, no later ten (10) days after the last day on which Settlement Class Members may submit a Request for Exclusion, or the option to terminate shall be considered waived. If the election is made, it may be

35

1  revoked by Defendants at any time.

2  99. The terms and provisions of this Agreement may be amended,

3  modified, or expanded by written agreement of the Parties and approval of the Court;

4  provided, however, that, after entry of the Preliminary Approval Order, the Parties

5  may, by written agreement, effect such amendments, modifications, or expansions of

6  this Agreement and its implementing documents (including all exhibits hereto) without

7  further notice to the Settlement Class or approval by the Court if such changes are

8  consistent with the Court's Preliminary Approval Order and do not materially alter,

9  reduce, or limit the rights of Settlement Class Members under this Agreement.

10  100. If a Party exercises his, her, or its option to withdraw from,

11  rescind, revoke, or terminate this Agreement pursuant to any provision herein, then the

12  Settlement proposed herein shall become null and void (with the exception of

13  Paragraphs 66 herein) and shall have no legal effect and may never be mentioned at

14  trial or in dispositive, class certification, or other motion papers (except as necessary

15  to explain the timing of the procedural history of the Action), and the Parties will return

16  to their respective positions existing immediately before the execution of this

17  Agreement.

18  101. Notwithstanding any provision of this Agreement, in the event

19  this Agreement is not approved by the Court, or terminated for any reason, or the

20  Settlement set forth in this Agreement is declared null and void, or in the event that the

21  Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class

22  Counsel shall not in any way be responsible or liable for any of the Administrative

23  Expenses, or any expenses, including costs of notice and administration associated

24  with this Settlement or this Agreement, except that each Party shall bear its own

25  attorneys' fees and costs.

26  **K.    Service Awards**

27  102. Class Representatives and Class Counsel may seek Service

28  Awards to be awarded to the Class Representatives. Any requests for such awards must

be filed at least twenty-one (21) days before the Objection Deadline. Defendants agree not to oppose requests for Service Awards to the extent they do not exceed $5,000.00 per Class Representative.

103.    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, thirty (30) business days after the Effective Date.

104.    If the Court declines to approve, in whole or in part, the payment of the Service Awards in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of Service Awards shall constitute grounds for cancellation or termination of this Agreement.

**L.    Fee Award and Costs**

105.    Class Counsel may file a motion for an award of the Fee Award and Costs to be paid from the Settlement Fund. The motion must be filed at least twenty-one (21) days before the Objection Deadline. Defendants agree not to oppose a request by Class Counsel for an award of attorneys' fees and costs that does not exceed five hundred seventy-five thousand dollars and no cents ($575,000.00). Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide to Defendants and the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs shall be paid by the Settlement Administrator, in the amount approved by the Court, thirty (30) business days after the Effective Date.

106.    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. Defendants shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

37

107.    The Parties negotiated the maximum amount of the attorneys' fees and expenses to be sought by Class Counsel only after reaching an agreement upon the relief provided to the Settlement Class.

108.    The Settlement is not conditioned upon the Court's approval of the Fee Award and Costs or the Service Awards.

**M.    Judgment**

109.    <u>Limitation of Liability.</u> This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

a.    Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

b.    Decree that neither the Judgment nor this Agreement constitutes an admission by the Defendants of any liability or wrongdoing whatsoever;

c.    Bar and enjoin all Releasing Parties from asserting against any of the Released Parties any and all Released Claims;

d.    Release each Released Party from any and all Released Claims;

e.    Determine that this Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the members of the Settlement Class; and

f.    Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

**N.    Representations and Warranties**

110.    Each signatory to this Agreement represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the

38

execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory, and constitutes its legal, valid, and binding obligation.

111.    Defendants will provide to the Settlement Administrator the Settlement Class List containing the list of persons to whom Defendants provided individual written notice under HIPAA of the alleged Data Breach, and represent and warrant such information is true and correct to the best of Defendants' knowledge.

**O.    No Admission of Liability or Wrongdoing**

112.    This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

a.    Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

b.    Shall not be described as, construed as, offered or received against the Released Parties as evidence of or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

c.    Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to Plaintiffs or Settlement Class Members after trial.

**P.    Miscellaneous Provisions**

113.    <u>Entire Agreement</u>. This Agreement, including all exhibits hereto,

39

shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either party to execute this Agreement. Neither Party is relying on the other Party or their agents or attorneys and rather each Party decided to resolve the dispute in their own independent determination and judgment. This Agreement may not be changed, modified, or amended except as provided in Paragraph 99. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

114.    <u>Governing Law</u>. This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

115.    <u>Execution by Counterparts</u>. This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via email shall be treated as original signatures and shall be binding.

116.    <u>Notices</u>. Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to the attention of Defendants' Counsel, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify. All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by mail and email to the following addresses:

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

| If to Plaintiffs or Class Counsel: | If to Defendants or Defendants' Counsel: |
|---|---|
| Daniel S. Robinson<br>ROBINSON CALCAGNIE, INC.<br>P.O. Box 2350<br>Newport Beach, CA 92660<br>drobinson@robinsonfirm.com<br><br>Todd S. Garber<br>FINKELSTEIN, BLANKINSHIP,<br>FREI-PEARSON & GARBER, LLP<br>One North Broadway, Suite 900<br>White Plains, NY 10601<br>tgarber@fbfglaw.com | Casie D. Collignon<br>Jason A. Orr<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, CO 80202<br>ccollignon@bakerlaw.com<br>jorr@bakerlaw.com |

117.   <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of each of the Parties hereto.

118.   <u>Construction</u>. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

119.   <u>Severability</u>. The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

120.   <u>Integration of Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

121.   <u>Headings</u>. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

122.   <u>Taxability</u>. Defendants do not make and have not made any representations regarding the taxability of any Settlement Benefit, Fee Award, or any

41

other payments made pursuant to this Agreement. Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of any of the Defendants or their attorneys or the Settlement Administrator on the subject of taxability of any consideration provided under this Agreement. Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Benefit, the Fee Award and Costs, or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be Defendants' responsibility.

123.    Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

124.    Dollar Amounts. All dollar amounts are in United States dollars, unless otherwise expressly stated.

125.    Schedule Leading Up to the Final Approval Order and Judgment. Solely for sake of convenience, the Parties summarize in this section the schedule leading up to the Final Approval Order and Judgment. The Parties do not intend for this section to impose any obligations in addition to, or different from, those provided elsewhere in this Agreement.

///

///

///

1    **IN WITNESS WHEREOF**, each of the Parties hereto has caused this

2    Agreement to be executed on its behalf by its duly authorized counsel of record, all as

3    of the day set forth below:

4

5    Date: 9/17/25

6    Daniel S. Robinson
     ROBINSON CALCAGNIE, INC.

7    *Interim Co-Lead Counsel for Plaintiffs and*

8    *Member of Plaintiffs' Steering Committee*

9

10   Date: 9/17/25

11   Todd S. Garber
     FINKELSTEIN, BLANKINSHIP, FREI-
     PEARSON & GARBER, LLP

12   *Interim Co-Lead Counsel for Plaintiffs and*

13   *Member of Plaintiffs' Steering Committee*

14   Date: 9/17/2025 | 12:31 PM PDT
     Jovita Montes De Oca
15   Chief Executive Officer
     CALIBRATED HEALTHCARE SYSTEMS,
16   LLC; CALIBRATED HEALTHCARE LLC
     *Defendants*

17

18

19   Approved as to Form:

20

21   Date: 9/17/25

22   Casie D. Collignon
     BAKER & HOSTETLER LLP

23   *Counsel for Defendants*

24

25

26

27

28

43
**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

EXHIBIT A

## CLAIM FORM FOR CALIBRATED HEALTHCARE SETTLEMENT

***Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.***
**Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.)**

**YOU MAY USE THIS FORM TO MAKE A CLAIM FOR REIMBURSEMENT OF OUT-OF-POCKET COSTS, A DOCUMENTED TIME PAYMENT, AND/OR TO RECEIVE A MONETARY PAYMENT**

**The DEADLINE to submit this Claim Form is: [90 DAYS FROM NOTICE DATE]**

## I.    GENERAL INSTRUCTIONS

If you are one of the approximately 34,562 patients of Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC (collectively, "Calibrated") who were sent a notice letter about a Data Breach that occurred between February 25, 2024 and February 26, 2024, whereby unauthorized parties potentially accessed certain files containing your personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Confidential Information"), including your name, date of birth, medical diagnosis/treatment information, health insurance information, including claims and billing information, and potentially your Social Security number and/or driver's license number, you are on the Settlement Class List and entitled to participate in the Settlement. If you received a notice about this class action Settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member. If you are not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.calibratedsettlement.com, or email the Settlement Administrator at info@calibratedsettlement.com.

As a Settlement Class Member, you will automatically receive two years of free Medical Monitoring and Identity Theft Insurance Services and an approximate monetary cash payment between $21.44 and $28.68 ("Monetary Payment"), depending on the amount of valid claims for Documented Time and approved reimbursements of Out-of-Pocket Costs. You may also complete this Claim Form to receive a cash payment of up to $175.00 for up to seven hours of documented time spent fairly traceable to the alleged Data Breach valued at up to $25.00 per hour ("Documented Time"), and a cash payment of up to $5,000.00 for documented out-of-pocket losses or expenditures fairly traceable to the alleged Data Breach ("Out-of-Pocket Costs").

The free Medical Monitoring and Identity Theft Insurance Services is Medical Shield Total provided by CyEx and valued at $29.95 per month. If you are already subscribed to this plan, two additional years will be added to your current plan for free.

DOCUMENTED TIME PAYMENTS AND REIMBURSEMENTS FOR OUT-OF-POCKET COSTS MAY BE REDUCED *PRO RATA* (PROPORTIONATELY) DEPENDING ON HOW MANY PEOPLE SUBMIT VALID CLAIMS. Out-of-Pocket Costs Payments will be collectively capped at $150,000.00 and Documented Time Payments will be collectively capped at $100,000.00. Additional payments may also be provided to you if the Net Settlement Fund is not exhausted. Complete information about the Settlement and its benefits are available at www.calibratedsettlement.com.
`
This Claim Form may be submitted online at www.calibratedsettlement.com or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, to:

[Admin Contact Info]

**Questions? Go to www.calibratedsettlement.com or call 1-888-888-8888.**

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of Monetary Payments and Medical Monitoring and Identity Theft Insurance Services, you must notify the Settlement Administrator in writing at the address or email address above.  All fields below are required.

First Name                                                    MI    Last Name

Alternative Name(s)

Mailing Address, Line 1

Mailing Address, Line 2

City                                                                    State        Zip Code

Telephone Number (Primary)                      Telephone Number (Secondary)

Email Address

Date of Birth (MM/DD/YYYY)        Notice ID (if known)

## III.    MEDICAL MONITORING AND IDENTITY THEFT INSURANCE SERVICES

To enroll in your two free years of Medical Monitoring and Identity Theft Insurance Services, you must follow the instructions that will be mailed to you along with your Monetary Payment, after the Settlement is approved and becomes final. Submitting this Claim Form will <u>not</u> automatically enroll you into Medical Monitoring and Identity Theft Insurance Services. If you prefer to receive the enrollment instructions by email, please provide your email address in Section II above.

## IV.    MONETARY PAYMENT

After the Settlement is approved and becomes final, you will automatically be mailed a Monetary Payment along with enrollment instructions for Medical Monitoring and Identity Theft Insurance Services. A check will be mailed to the address where you were sent a notice of the Settlement. The check will be paid out of the Settlement Fund, and will be each Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after all other Settlement Benefits have been paid, including the costs for Administrative Expenses, Medical Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and Documented Time Payments.

## V.    DOCUMENTED TIME PAYMENT

In addition to Medical Monitoring and Identity Theft Insurance Services, a Monetary Payment, and an Out-of-Pocket Costs Payment, you may file a claim for a payment for Documented Time at $25.00 per hour for up to seven hours of additional time you spent attempting to remedy or remedying issues fairly traceable to the alleged Data Breach (including time spent on any identity fraud, theft, fraud, bank fees, card cancellations, credit card fees, late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, placing a freeze or alert on credit reports, and replacing a driver's license, state identification card, or social security number) incurred on or after February 25, 2024.

To make a claim for Documented Time: (i) select the number of hours (up to seven) you spent attempting to remedy or remedying issues caused by the alleged Data Breach; (ii) sign the attestation at the end of this Claim Form; and (iii) submit Reasonable Documentation supporting your claimed time. Documented Time will be deemed fairly traceable to the alleged Data Breach by the Settlement Administrator if the Documented Time occurred on or after February 25, 2024, and the Settlement Administrator determines the Documented Time incurred is related to the type of information allegedly disclosed in the Data Breach. If the total value of Approved Claims for Documented Time were to exceed $100,000.00, then all Documented Time Payments will be reduced pro rata.

I spent (select only **one**):    ☐ 1 hour ($25.00)    ☐ 2 hours ($50.00)    ☐ 3 hours ($75.00)
☐ 4 hours ($100.00)    ☐ 5 hours ($125.00)    ☐ 6 hours ($150.00)
☐ 7 hours ($175.00)

## VI.    REIMBURSEMENT FOR OUT-OF-POCKET COSTS

In addition to Medical Monitoring and Identity Theft Insurance Services, a Monetary Payment, and a Documented Time Payment, you may also seek reimbursement for up to $5,000.00 of Out-of-Pocket Costs you incurred that are fairly traceable to the alleged Data Breach. Out-of-Pocket Costs include unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or social security number) that are related to any unauthorized identity theft or fraud fairly traceable to the alleged Data Breach and incurred on or after February 25, 2024.

In order to make a claim for Out-of-Pocket Costs you must: (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form; and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. Out-of-Pocket Costs will be deemed fairly traceable to the alleged Data Breach by the Settlement Administrator if the Out-of-Pocket Costs occurred on or after February 25, 2024, and the Settlement Administrator determines the Out-of-Pocket Costs incurred is related to the type of information allegedly disclosed in the Data Breach. If the total value of Approved Claims for Out-of-Pocket Costs were to exceed $150,000.00, then all Out-of-Pocket Costs Payments will be reduced pro rata.

| Cost Type (Check all that apply) | Date of Loss (Approximate) | Amount of Loss | Description of Reasonable Documentation (What you are attaching and why) |
|---|---|---|---|
| ☐ Losses from identity theft or fraud | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* |
| ☐ Fees or costs incurred in connection with identity theft or fraud | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Examples: Receipts for hiring service to assist you in addressing identity theft, or accountant bill for re-filing tax return.* |
| ☐ Lost interest or other damages resulting from delayed state or federal tax refund resulting from fraudulent tax return | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Examples: Letter from IRS or state taxing authority about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount thereof.* |
| ☐ Credit freeze | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Examples: Notices or account statements reflecting payment for a credit freeze.* |
| ☐ Credit monitoring that was purchased on or after February 25, 2024, through the date on which the Medical Monitoring and Identity Theft Insurance Services became available through the Settlement | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Examples: Receipts or account statements reflecting purchases made for identity theft protection and/or credit monitoring services.* |
| ☐ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and/or long-distance telephone charges | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (such as police station or IRS office), indication of why you traveled there (i.e. police report or letter from IRS regarding falsified tax return) and number of miles you traveled.* |
| ☐ Other (provide detailed description) | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐,☐☐☐.☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* |

## VI.    PAYMENT SELECTION

The Monetary Payment will automatically be mailed to the address where you received notice of the Settlement. If you prefer to receive the Monetary Payment electronically, please select one of the following options:

☐ **PayPal**
Email address, if different than you provided in Section II:_____

☐ **Venmo**
Mobile number, if different than you provided in Section II:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section II:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section II:_____

**Questions? Go to www.calibratedsettlement.com or call 1-888-888-8888.**

☐ **Physical Check**
Payment will be mailed to the address provided in Section II.

## VII.    ATTESTATION

### (REQUIRED FOR OUT-OF-POCKET COSTS OR DOCUMENTED TIME CLAIMS)

I, _____ [Name], declare that I expended the Documented Time or incurred the Out-of-Pocket Costs claimed above as a result of the Data Breach.

I declare under penalty of perjury under the laws of the state of California and of the United States of America that the foregoing is true and correct.

Executed on _____, in _____, _____.
　　　　　　　　　[Date]　　　　　　　　　　　　　[City]　　　　　　　　[State]

　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　[Signature]

# EXHIBIT B

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**SOUTHERN DIVISION**

12

13

BRANDI ADAMS and TREVOR
HOLDEN, individually and on behalf
of all others similarly situated,

14

Plaintiffs,

15

16

v.

17

CALIBRATED HEALTHCARE
SYSTEMS, LLC and CALIBRATED
HEALTHCARE, LLC,

18

Defendants.

19

20

21

Lead Case No.: 8:24-cv-01754-JWH-
KES

Assigned for All Purposes to:
Courtroom 9D, Hon. John W. Holcomb

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

Date: _____, 2025
Time: 9:00 a.m.
Courtroom: 9D

22

23

24

25

26

27

28

1

**WHEREAS**, the Court held a Final Approval Hearing to consider approval of this class action Settlement on _____, 2025. The Court has considered the Settlement Agreement (Dkt. \_\_\_), all matters submitted to it at the Final Approval Hearing, the relevant law, and all other files, records, and proceedings in this Action.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Class Representatives, the Settlement Class Members, and Defendants Calibrated Healthcare Systems, LLC, and Calibrated Healthcare, LLC.

3.     The Court finds that the Notice was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action; their right to submit a claim; their right to object to any aspect of the Settlement or Class Counsel's Motion for a Fee Award and Costs and Service Payments to the Class Representatives; their right to exclude themselves from the Settlement Class; and their right to appear at the Final Approval Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4.     The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies under Rule 23(b)(3) the following Settlement Class for purposes of Settlement only as follows:

///

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

1
2
3
4
5
6
7
8
9

The approximately 34,562 persons identified on the Settlement Class List, including Plaintiffs, whose Confidential Information may have been compromised as a result of the Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, members of their families, and staff; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors; (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach, or who pleads *nolo contendere* to any such charge.

10
11
12
13
14
15
16
17
18
19
20
21
22
23

5.     The Court incorporates herein by reference the class-certification analysis set forth in the "Order Granting Preliminary Approval of Class Action Settlement and Approving Form and Content of Class Notice." As to the Settlement Class, the Court continues to find that the class action prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied. Specifically, the court continues to find that: (i) the class is so numerous that joinder would be impractical, (ii) that common questions of law and fact exist as to the class, (iii) that the claims or defenses of the representative parties, here the Class Representatives, are typical of the claims or defenses of the class, and (iv) that the representative parties will fairly and adequately protect the interests of the class.  In addition, the Court continues to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

24
25
26

6.     Plaintiffs Brandi Adams and Trevor Holden ("Class Representatives") are hereby appointed, for settlement purposes only, representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23.

27
28

7.     Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLC are hereby appointed as Class

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

8.      In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement "is fundamentally fair, adequate, and reasonable."  The Court has conducted a careful and probing inquiry regarding the Settlement, which meets the heightened fairness standard applicable prior to class certification.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among others:

a.      There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and mediation with a respected mediator. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

b.      The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc*., 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings—including Rule 12(b)(6) and Rule 12(f) motions—and the amount of investigation and confirmatory discovery conducted during settlement negotiations, the Parties have developed a perspective on the strengths and weaknesses of their respective cases to "make an informed decision

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

   c. The support of Class Counsel and the Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

   d. The Settlement provides meaningful relief to the Class, including cash relief and injunctive relief, and falls within the range of possible recoveries by the Settlement Class Members.

  9. The Releases set forth in Section IV.C. of the Settlement Agreement are expressly incorporated herein. The Releases are effective as of the Effective Date, and the Releasing Parties shall have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims. In addition, the Released Parties are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

  10. The individuals identified in Exhibit 1 (filed under seal) attached hereto and incorporated by this reference, submitted timely and valid Requests for Exclusion during the Opt-Out Period, are not releasing any claims, and are not bound by the terms of the Settlement Agreement or this Order. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Defendants.

  11. The Court finds that an award of attorneys' fees and costs in the total amount of $_____ to Class Counsel is fair and reasonable; and therefore, approves such award. Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs' Counsel and any other attorneys based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

  12. The Court finds that a Service Award in the amount of $5000.00 to each

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Class Representative is fair and reasonable; and therefore, approves such payment. Such amounts shall be paid to the Class Representatives pursuant to and consistent with the terms of the Settlement Agreement.

13.    The Action, including all actions consolidated into the Action, and all individual and class claims asserted in the Consolidated Class Action Complaint, are settled and dismissed on the merits with prejudice.

14.    Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

15.    Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Class Representatives, members of the Settlement Class, and Defendants to enforce the terms of the Settlement, the Court's order preliminarily certifying the class (Dkt. ___), and this Order. If any applications for relief are made, such applications shall be made to the Court. To avoid doubt, this Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

16.    The Settlement and this Order are not admissions of liability or fault by the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Released Parties.  To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

1  against the assertion of released claims in any other proceeding, or as otherwise
2  required by law.

3  **IT IS SO ORDERED.**

4
5  Dated: _____, 2025    _____

6  HON. JOHN W. HOLCOMB
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

**EXHIBIT 1**

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| BRANDI ADAMS and TREVOR HOLDEN, individually and on behalf of all others similarly situated, | Lead Case No.: 8:24-cv-01754-JWH-KES |
| Plaintiffs, | Assigned for All Purposes to: Courtroom 9D, Hon. John W. Holcomb |
| v. | |
| CALIBRATED HEALTHCARE SYSTEMS, LLC and CALIBRATED HEALTHCARE, LLC, | **[PROPOSED] JUDGMENT** |
| Defendants. | |

On _____, 202x, the Court [granted] Plaintiffs' Motion for Final Approval and [granted] Class Counsel's Motion for a Fee Award and Costs and the Class Representatives' Service Awards. (Dkt. ___.)  All claims and parties to this action are dismissed with prejudice, and each party is to bear its own attorneys' fees and costs except as provided in the Court's order granting Class Counsel's Motion for a Fee Award and Costs.  The Parties are directed to implement the Settlement Agreement in accordance with its terms.  The Court retains jurisdiction to enforce the terms of the Settlement Agreement.  Judgment is entered. The Clerk shall close this file.

**IT IS SO ORDERED.**


Dated: _____, 202x    _____

HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

***Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.***
**Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.)**

# Notice of Calibrated Healthcare Settlement

*A court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*
**Please read this Notice carefully and completely, as it may affect your legal rights.**

## <u>IMPORTANT MESSAGE FROM THE COURT</u>

As a Settlement Class Member, you will automatically receive two years of free Medical Monitoring and Identity Theft Insurance Services and an approximate monetary cash payment between $21.44 and $28.68 ("Monetary Payment"). To receive your two free years of Medical Monitoring and Identity Theft Insurance Services, which is Medical Shield Total provided by CyEx, please follow the enrollment instructions that will be sent to you after the Settlement is finally approved. You may be eligible to receive additional Settlement Benefits—please read below or go to www.CalibratedSettlement.com and submit a Claim Form using your Claim Number and Last Name (located on the Summary Notice you received).

## <u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>

- A proposed Settlement has been reached with Defendants Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC (collectively, "Calibrated" or "Defendants") relating to the alleged Data Breach Defendants suffered in February 2024, whereby certain files containing the personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Confidential Information") of their patients were allegedly accessed, viewed, copied, and disclosed without authorization.

- The Settlement Class is comprised of persons whose Confidential Information may have been compromised as a result of the alleged Data Breach and who are identified on the Settlement Class List.

- If you received a notice from Defendants about the alleged Data Breach, you are included in this Settlement as a "Settlement Class Member" unless you opt-out.

- Under the Settlement, Defendants have agreed to establish a Settlement Fund to pay for: (i) two years of Medical Monitoring and Identity Theft Monitoring Services; (ii) an approximate Monetary Payment between $21.44 and $28.68 for the alleged damages Class Members suffered as a result of having their Confidential Information allegedly disclosed during the Data Breach, which includes the damages for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*; (iii) a cash payment of up to $175.00 for up to seven hours of time spent fairly traceable to the alleged Data Breach valued at $25.00 per hour ("Documented Time"); (iv) a cash payment of up to $5,000.00 for documented, out-of-pocket losses or expenditures fairly traceable to the Data Breach ("Out-of-Pocket Costs"); and (v) Administrative Expenses, court-

approved attorneys' fees and expenses, and Service Awards for Class Representatives.

- The Court in charge of this case has granted preliminary approval of the Settlement, but has not yet decided whether to grant final approval of the Settlement. No Settlement Benefits or payments will be provided unless the Court grants final approval of the Settlement and the Settlement becomes final.

- **These rights and options—and the deadlines to exercise them—are explained in this Notice. <u>If you are a Settlement Class Member, your legal rights will be affected whether or not you take action.</u> Please read this entire Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **ACTION** | **EXPLANATION** | **DEADLINE** |
| **DO NOTHING** | If you do nothing, you will automatically receive two free years of Medical Shield Total by CyEx and an approximate monetary cash payment between $21.44 and $28.68. You will also give up your rights to sue Defendants and certain related parties for the claims this Settlement resolves. | |
| **SUBMIT A CLAIM FORM TO OBTAIN CERTAIN BENEFITS** | Submitting a Claim Form is the only way that you can receive a payment for Documented Time and reimbursement of Out-of-Pocket Costs. | **Claims must be filed on or before _____, 202_.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Defendants, or certain related parties, based on claims related to the alleged Data Breach. If you exclude yourself, you will give up the right to receive any benefits from this Settlement, including Medical Shield Total by CyEx and an automatic Monetary Payment. | **Requests for exclusion must be mailed on or before _____, 202_.** |

**Page 2 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | You may object to the Settlement by filing a statement with the Settlement Administrator and informing it why you don't think the Settlement should be approved and mailing a copy of the statement to the addresses set forth below. You can also write to the Settlement Administrator to provide comments or reasons why you support the Settlement.<br><br>If you object, you will still automatically receive Medical Shield Total by CyEx and an approximate Monetary Payment between $21.44 and $28.68. You may also submit a Claim Form to receive additional Settlement Benefits, and you will give up the right to sue the Defendants and certain related parties in any separate lawsuit based on claims related to the alleged Data Breach. | **Objections must be filed and mailed on or before _____, 202_.** |
| **ATTEND THE FINAL APPROVAL HEARING ON _____, 202_** | You may attend the Final Approval Hearing where the Court may hear arguments concerning the approval of the Settlement. You are <u>not</u> required to attend the Final Approval Hearing. | |

# BASIC INFORMATION

**1.    Why did I get this Notice?**

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement Benefits are available, who is eligible for them, and how to get them.

The Honorable John W. Holcomb of the United States District Court for the Central District of California, Southern Division, is overseeing this class action. The case is known as *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.*, Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.) (the "Action"). The people who filed this lawsuit are called the "Plaintiffs," and the companies they sued, Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC, are called "Defendants."

**2.    What is this lawsuit about?**

On or about February 26, 2024, Defendants became aware of a security incident during which unauthorized parties accessed certain systems within their computer network between February 25, 2024 and February 26, 2024, and, during that timeframe, certain files containing the personally identifiable information ("PII") and protected health information

**Page 3 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

("PHI") (collectively, "Confidential Information"), including names, date of births, medical diagnosis/treatment information, health insurance information, including claims and billing information, and, for some patients, Social Security numbers and/or driver's license numbers, were allegedly accessed, viewed, copied, and disclosed without authorization.

The Plaintiffs claim that Defendants failed to adequately protect their information and that they were injured as a result. Defendants deny any liability or wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that any law has been violated. The Defendants deny the claims made by the Plaintiffs in the Action. By entering into the Settlement, the Defendants are not admitting any wrongdoing.

**3.    Why is this a class action?**

In a class action, one or more people called the Class Representatives sue on behalf of all people who have similar claims. Together all of these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who exclude themselves from the Settlement Class.

The Class Representatives in this case are Brandi Adams and Trevor Holden.

**4.    Why is there a Settlement?**

The Class Representatives and Defendants do not agree about the claims and allegations made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or Defendants. Instead, the Class Representatives and Defendants have agreed to settle the Action. The Class Representatives and the attorneys for the Settlement Class ("Class Counsel") believe the Settlement is best for all Settlement Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Defendants.

**5.    How do I know if I am part of the Settlement?**

If you received a Summary Notice of this Settlement, you have been identified as a potential Settlement Class Member, because you received a written notice from Defendants concerning the alleged Data Breach or otherwise are on the Settlement Class List.

**6.    Are there exceptions to being included in the Settlement?**

Yes, the Settlement Class does not include: (1) the Judges presiding over the Action, members of their families, and staff; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors; (3)

**Page 4 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach, or who pleads *nolo contendere* to any such charge.

**7.     What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.CalibratedSettlement.com or email the Settlement Administration at info@CalibratedSettlement.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

**8.     What does the Settlement provide?**

The Settlement will provide Settlement Class Members with the following Settlement Benefits:

- **Two years of Medical Monitoring and Identity Theft Insurance Services** provided by CyEx;

- **Monetary Payment** between $21.44 and $28.68 depending on the amount of approved claims for Out-of-Pocket Costs and Documented Time;

- **Cash payment of up to $175.00 for Documented Time** for up to seven hours of documented time fairly traceable to the alleged Data Breach, valued at $25.00 per hour; and

- **Cash payment of up to $5,000.00 for Out-of-Pocket Costs** for documented losses and/or out-of-pocket costs fairly traceable to the alleged Data Breach.

**9.     Tell me more about the Medical Monitoring and Identity Theft Insurance Services.**

You will automatically be sent enrollment instructions for two years of free Medical Monitoring and Identity Theft Insurance Services, which provides a way to protect yourself from unauthorized use of your information. If you already have medical or credit monitoring services, you may still sign up for this additional protection, and if you already maintain a subscription for the Medical Monitoring and Identity Theft Insurance Services with CyEx, your service will be extended by two years for no additional charge. The two years of Medical Monitoring and Identity Theft Insurance Services are Medical Shield Total provided by CyEx. These Medical Monitoring and Identity Theft Insurance Services include:

**Page 5 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

- 3-Bureau credit monitoring;

- Healthcare Insurance Plan ID Monitoring;

- Medicare Beneficiary Identifier ID Monitoring;

- Medical Record Number Monitoring, International Classification of Disease Monitoring;

- National Provider Identifier Monitoring;

- Health Savings Account Monitoring;

- Dark Web Monitoring;

- $1,000,000 Identity Theft Insurance;

- Real-Time Authentication Alerts;

- High-Risk Transaction Monitoring;

- Security Freeze Assist;

- Victim Assistance; and

- Insight & Tips.

More information about the Medical Shield Total being provided by CyEx through this Settlement is available at _____.

**10.    Tell me more about the Monetary Payment.**

You will automatically be sent a Monetary Payment between $21.44 and $28.68, depending on the amount of claims for Documented Time and reimbursement of Out-of-Pocket Costs, for the alleged damages you suffered as a result of having your Confidential Information allegedly disclosed during the Data Breach, which includes the damages for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq*. The Monetary Payment will be paid out of the Settlement Fund and will be each Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after all other Settlement Benefits have been paid for out of the Net Settlement Fund, including the costs for Medical Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and Documented Time Payments.

**11.    Tell me more about the cash payment for Documented Time.**

If you spent time remedying or addressing issues fairly traceable to the alleged Data

Page 6 of 17
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

Breach, including time spent attempting to remedy or remedying issues fairly traceable to the alleged Data Breach (including time spent on any identity fraud, theft, fraud, bank fees, card cancellations, credit card fees, late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, placing a freeze or alert on credit reports, and replacing a driver's license, state identification card, or Social Security number) incurred on or after February 25, 2024, you may qualify for an additional cash payment of $25.00 per hour for up to seven hours of time (up to $175.00).

To receive a Documented Time Payment, you will be required to state the actual time spent remedying issues fairly traceable to the alleged Data Breach, sign an attestation that the information you are providing is true and accurate "under penalty of perjury," and provide Reasonable Documentation that demonstrates the time spent. Reasonable Documentation may include credit card statements, bank statements, invoices, telephone records, and receipts. Under no circumstances shall the aggregate of approved Documented Time Payments exceed $100,000.00. If the total value of Approved Claims for Documented Time were to $100,000.00, then all Documented Time Payments shall be reduced pro rata.

**12.    Tell me more about the cash payment for Out-of-Pocket Costs.**

If you spent money remedying or attempting to remedy identity theft or fraud that was fairly traceable to the alleged Data Breach, or if you spent money to protect yourself from future harm because of the alleged Data Breach, you may make a claim for reimbursement of up to $5,000.00 in Out-of-Pocket Costs. Out-of-Pocket Costs consist of unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or social security number) that are related to any unauthorized identity theft or fraud fairly traceable to the Data Breach and incurred on or after February 25, 2024.

To receive an Out-of-Pocket Costs Payment, you will be required to sign an attestation that the information you are providing is true and accurate "under penalty of perjury" and provide Reasonable Documentation that demonstrates the Out-of-Pocket Costs to be reimbursed. Reasonable Documentation may include credit card statements, bank statements, invoices, telephone records, and receipts. Under no circumstances shall the aggregate of approved Out-of-Pocket Costs Payments exceed $150,000.00. If the total value of Approved Claims for Out-of-Pocket Costs were to exceed $150,000.00, then all Out-of-Pocket Costs Payments shall be reduced pro rata.

**13.    Have Defendants taken remedial measures in response to the Data Breach?**

Defendants have taken or will take certain reasonable steps to further secure their systems

Page 7 of 17
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

and environments from future threats, including *inter alia*, hiring a Chief Information Security Officer, hiring additional cyber security analysts, updating servers, implementing additional cyber security and loss prevention systems; implementing multi-factor authentication to all network access points, which are estimated to cost Defendants $630,000.00. These efforts and changes are intended to have a significant and lasting future impact on the safety and integrity of all Settlement Class Members' Confidential Information.

**14.    What is the total value of the Settlement?**

Defendants have agreed to pay $1,750,000.00 to resolve all claims brought in this Action. Plaintiffs and Class Counsel's current estimation, which is not opposed by Defendants, of the total value of the Settlement Benefits offered to the Settlement Class is $27,184,332.60. The Settlement Value includes the $1,750,000.00 Settlement Fund, the $630,000.00 in enhanced security measures by Defendants (for which the litigation was a substantial motivating factor), and $24,843,165.60[1] in value that the Settlement Class will receive based on the Medical Monitoring and Identity Theft Insurance Services, before deducting the cost of providing that Settlement Benefit.

The $1,750,000.00 Settlement Fund will be used to automatically provide each Settlement Class Member with two years of Medical Monitoring and Identity Theft Insurance Services and a Monetary Payment between $21.44 and $28.68. In addition, the Settlement Fund will be used to provide an additional cash payment of up to $175.00 to each Settlement Class Member who submits a valid claim for a Documented Time Payment, and a cash payment of up to $5,000.00 to each Settlement Class Member who submits a timely valid claim for an Out-of-Pocket Costs Payment. Any court-approved attorneys' fees and costs, Service Awards to the Class Representatives, taxes due on any interest earned by the Settlement Fund, if necessary, and any Administrative Expenses will be paid out of the Settlement Fund. Any remaining funds will be redistributed to each Settlement Class Member who cashes or deposits their initial Monetary Payment or otherwise sent to the Non-Profit Residual Recipient. None of the money in the $1,750,000.00 Settlement Fund will be paid back to Defendants in the event the Effective Date occurs.

**15.    What am I giving up to get Settlement Benefits or stay in the Settlement Class?**

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against Defendants or related parties about the legal issues in this Action that are resolved by this Settlement and released by the Class Action Settlement Agreement and Release ("Settlement Agreement"). The specific rights you are giving up are called Released

---

[1] $29.95 monthly cost x 24 months = $718.80 value.  $718.80 value x 34,562 Class Members = $24,843,165.60 value before deducting the cost of providing that Settlement Benefit.

**Page 8 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

Claims (see next question).

**16.    What are the Released Claims?**

In exchange for the Settlement and as detailed in the Settlement Agreement, Settlement Class Members agree to release Defendants and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing from any and all claims or causes of action, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have prior to the Effective Date (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal, or administrative body (including but not limited to any state, local or federal regulatory body), arising from the alleged Data Breach or the acts, omissions, or other conduct by Defendants as alleged in the Action or that could have been alleged in the action, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source. The Released Claims shall specifically include the claims in this Action for: (1) violation of the California Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56, *et seq*.); (2) violation of the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150, *et seq*.); (3) violation of the California Unfair Competition Law ("UCL") (Cal. Business & Professions Code § 17200, *et seq*.) for unlawful, fraudulent, and unfair business practice; (4) violation of California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq*.); (5) violation of California Consumer Records Act ("CRA") (Cal. Civ. Code § 1798.82, *et seq*.); (6) negligence; (7) invasion of privacy; (8) breach of contract; (9) breach of implied contract; and (10) unjust enrichment.

The Released Claims do not include claims against the cyber attacker(s) who committed the criminal acts involved in the alleged Data Breach and persons or entities that intentionally misuse for unlawful purposes the information potentially acquired in the alleged Data Breach.

More information is provided in the Settlement Agreement, which is available at www.CalibratedSettlement.com.

**Page 9 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

## HOW TO GET SETTLEMENT BENEFITS – SUBMITTING A CLAIM FORM

**17.   How do I make a claim for Settlement Benefits?**

You do not need to make a claim to receive two years of Medical Monitoring and Identity Theft Insurance Services or a Monetary Payment. You must make a claim to receive a payment for Documented Time and/or Out-of-Pocket Costs.

Claim Forms may be submitted online at www.CalibratedSettlement.com, or mailed or emailed to the Settlement Administrator at the mailing address or email address, respectively, on the Claim Form. Claim Forms are also available for download on the Settlement Website (www.CalibratedSettlement.com) or you may request one by emailing info@CalibratedSettlement.com or writing to *Calibrated Healthcare Settlement*, P.O. Box _____, _____, CA _____. The quickest way to file a claim is online through the Settlement Website.

If you received a Summary Notice by mail, please use your Claim Number and Last Name, located directly above your name, to file your Claim Form online. If you lost or do not know your Claim Number, please email info@CalibratedSettlement.com to obtain it. **The deadline to complete and submit a Claim Form is _____, 202_.**

**19.   How do I make a claim for a Documented Time Payment?**

To file a claim for a cash payment of up to $175.00 for Documented Time spent remedying or attempting to remedy issues fairly traceable to the alleged Data Breach, you must submit a valid Claim Form electing to receive a Documented Time Payment. The Claim Form requires that you sign the attestation regarding the information you provided <u>and</u> that you include Reasonable Documentation, such as credit card statements, bank statements, invoices, telephone records, and receipts.

You may access the Claim Form, file a claim, and obtain additional information at www.CalibratedSettlement.com. Instructions for filling out a claim for Documented Time are included on the Claim Form. **The deadline to file a claim for Documented Time is _____, 202_.** You may file a claim for Documented Time in addition to a claim for Out-of-Pocket Costs Payment. If your claim for Documented Time is rejected by the Settlement Administrator and you do not correct it, you will still be sent a Monetary Payment and two years of Medical Monitoring and Identity Theft Insurance Services.

**20.   How do I make a claim for an Out-of-Pocket Costs Payment?**

To file a claim for a cash payment of up to $5,000.00 for reimbursement of Out-of-Pocket Costs, you must submit a valid Claim Form electing to receive an Out-of-Pocket Costs Payment. The Claim Form requires that you sign the attestation regarding the information you provided <u>and</u> that you include Reasonable Documentation, such as credit card

**Page 10 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

statements, bank statements, invoices, telephone records, and receipts.

You may access the Claim Form, file a claim, and obtain additional information at www.CalibratedSettlement.com. Instructions for filling out a claim for Fraud/Out-of-Pocket Costs are included on the Claim Form. **The deadline to file a claim for Out-of-Pocket Costs is _____, 202\_.** You may file a claim for Out-of-Pocket Costs in addition to a claim for a Documented Time Payment. If your claim for Out-of-Pocket Costs is rejected by the Settlement Administrator and you do not correct it, you will still be sent a Monetary Payment and two years of Medical Monitoring and Identity Theft Insurance Services.

**21.     What happens if my contact information changes after I submit a claim?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by emailing info@CalibratedSettlement.com or by writing to *Calibrated Healthcare Settlement*, P.O. Box _____, _____, CA _____.

**22.     When and how will I receive the benefits from the Settlement?**

You will automatically be mailed enrollment instructions for two years of Medical Monitoring and Identity Theft Insurance Services and a Monetary Payment, unless you submit a Claim Form and elect to receive the enrollment instructions and a Monetary Payment electronically. You must follow the enrollment instructions in order to activate your Medical Monitoring and Identity Theft Insurance Services.

**23.     What happens if money remains after all of the Settlement Claims are paid?**

None of the money in the Settlement Fund will be paid back to Defendants. If there is any money left in the Settlement Fund 150 days after the distribution of payments to Settlement Class Members, a subsequent Settlement Payment will be evenly made to all Settlement Class Members with Approved Claims who cashed or deposited their Settlement payment, provided that the average check amount is equal to or greater than $3.00. If the average check amount in a distribution would be less than $3.00, the remaining Net Settlement Fund will be distributed to the Non-Profit Residual Recipient.

## THE LAWYERS REPRESENTING YOU

**24.     Do I have a lawyer in this case?**

Yes, the Court has appointed as Class Counsel, Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLC, to represent you and the Settlement Class for the purposes of this Settlement. You may hire

**Page 11 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

**25.   How will Class Counsel be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees and expenses of up to $575,000.00. They will also ask the Court to approve $5,000.00 Service Awards to each of the two Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Settlement Class Members. The Court may award less than these amounts.

Class Counsel's Fee Award and Costs, and Service Awards will be made available on the Settlement Website at www.CalibratedSettlement.com before the deadline for you to comment or object to the Settlement. You can also request a copy of the application by contacting the Settlement Administrator by emailing info@CalibratedSettlement.com.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you are a Proposed Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendants on your own, based on the claims raised in this Action or released by the Released Claims, then you must take steps to exclude yourself or "opt-out" of the Settlement.

**26.   How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must submit a Request for Exclusion. To be valid, the Request for Exclusion must be: (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is submitted by U.S. Mail such Request for Exclusion must be in writing and must identify: (i) the case name *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.); (ii) state the name, address, and telephone number of the Settlement Class Members seeking exclusion; (iii) be physically signed by the person seeking exclusion; and (iv) contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.)." A Valid Request for Exclusion must be addressed to the Settlement Administrator at the address below and postmarked or received by the Settlement Administrator no later than **_____, 202_.**

> *Calibrated Healthcare Settlement*
> P.O. Box _____
> _____, CA _____

**Page 12 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

<u>**You cannot exclude yourself online, by telephone, or by email.**</u>

**27.    If I exclude myself, can I still get Medical Monitoring and Identity Theft Insurance Services and a Monetary Payment?**

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement. The only way to obtain Settlement Benefits including Medical Monitoring and Identity Theft Insurance Services and a Monetary Payment is to remain a Settlement Class Member.

**28.    If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendants and any other Released Parties for the Released Claims that this Settlement resolves. You must exclude yourself from this Action to start or continue your own lawsuit or be part of any other lawsuit against Defendants or any other Released Parties. If you have a pending lawsuit, consult with your attorney in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**29.    How do I tell the Court that I do not like the Settlement?**

If you do not exclude yourself and you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement. You can give reasons why you think the Court should not approve the Settlement.

To object, you must mail a signed statement with the Clerk of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, with the caption *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.), that includes: (i) your full name, current mailing address, and telephone number; (ii) a signed statement that you believe yourself to be a member of the Settlement Class and the basis of such belief; (iii) the specific grounds for the objection; (iv) all documents or writings that you desire the Court to consider; (v) a statement regarding whether you (or counsel of your choosing) and/or any witnesses intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court, and docket number, of all other cases in which you and/or your counsel has filed an objection to any proposed class action settlement within the last three years.

You must also mail a copy of your objection to the following places postmarked no later than ==**Month DD, YYYY**==:

**Page 13 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Central District of California<br>Ronald Reagan Federal Bldg.<br>411 West Fourth Street<br>Santa Ana, CA 92701 | Daniel S. Robinson<br>Robinson Calcagnie, Inc.<br>P.O. Box 2350<br>Newport Beach, CA 92658<br><br>Todd S. Garber<br>Finkelstein, Blankinship,<br>Frei-Pearson & Garber, LLP<br>One North Broadway, Suite 900<br>White Plains, NY 10601 | Casie D. Collignon<br>Jason A. Orr<br>Baker & Hostetler LLP<br>1801 California Street,<br>Suite 4400<br>Denver, CO 80202 |

The Court will hear from any Settlement Class Member who attends the Final Approval Hearing and asks to speak regarding his or her objection, regardless of whether they have complied with the above procedures.

Class Counsel will file their request for attorneys' fees, reimbursement of litigation costs, and Service Awards for the Class Representative with the Court, which will also be posted on the Settlement Website at www.CalibratedSettlement.com.

**30.    What is the difference between objecting and requesting exclusion?**

Objecting is informing the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Requesting exclusion is informing the Court you do not want to be part of the Settlement Class or participate in the Settlement. If you exclude yourself, you cannot object to the Settlement.

## THE FINAL APPROVAL HEARING

**31.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on _____, 202_ at __:__ _.m. before the Honorable John W. Holcomb, United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Bldg., 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and decide whether to grant final approval of the Settlement, approve Class Counsel's Fee Award and Costs as well as Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also hear from people who have asked to speak at the hearing.

**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

**32.    Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you mail an objection, you do not have to attend the Final Approval Hearing. As long as you mail your written objection on time and as set forth above, it will be considered by the Court.

**33.    May I speak at the Final Approval Hearing?**

Yes. The Court will hear from any Settlement Class Member who attends the Final Approval Hearing and asks to speak regarding his or her objection.

If you filed an objection, you should indicate whether you intend to appear in your objection (see Question 29). Your objection should state whether it is your intention to appear at the Final Approval Hearing and should identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection should also include your attorney's name, address, and telephone number.

## IF YOU DO NOTHING

**34.    What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will remain a member of the Settlement Class but will not receive any Settlement Benefits. You will also give up rights explained in Questions 15 and 16, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any other Released Parties about the legal issues in this Action and released by the Settlement Agreement.

## GETTING MORE INFORMATION

**35.    How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement itself. The Settlement Agreement and other related documents are available at www.CalibratedSettlement.com or by writing to *Calibrated Healthcare Settlement*, P.O. Box _____, _____, CA \_\_\_\_\_. Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Central District of California or reviewing the Court's online docket.

If you have questions, you may contact Class Counsel at:

**Page 15 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

Daniel S. Robinson
Robinson Calcagnie, Inc.
P.O. Box 2350
Newport Beach, CA 92658

Todd S. Garber
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, NY 10601

# PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE. THE COURT CANNOT ANSWER ANY QUESTIONS.

**Page 16 of 17**
**NOTICE OF CALIBRATED HEALTHCARE SETTLEMENT**
**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.CalibratedSettlement.com or call 1-888-888-8888.**

# EXHIBIT E

1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9 **SOUTHERN DIVISION**

10

| | |
|---|---|
| BRANDI ADAMS and TREVOR HOLDEN, individually and on behalf of all others similarly situated, | Lead Case No.: 8:24-cv-01754-JWH-KES |
| Plaintiffs, | Assigned for All Purposes to: Courtroom 9D, Hon. John W. Holcomb |
| v. | |
| CALIBRATED HEALTHCARE SYSTEMS, LLC and CALIBRATED HEALTHCARE, LLC, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | Date: _____, 202X Time: 9:00 a.m. Courtroom: 9D |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

**WHEREAS**, Plaintiffs Brandi Adams and Trevor Holden ("Plaintiffs") and Defendants Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC (collectively, "Defendants" and together with Plaintiffs, the "Parties") in the above-captioned consolidated class action ("Action") have moved for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, seeking preliminary approval of a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release ("Settlement Agreement") entered into by the Parties on _____, 202X, which, together with the exhibits thereto, sets forth the terms and conditions for the proposed resolution of this litigation and for its dismissal with prejudice;

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraphs 20-22 below.

2. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement resulted from serious, informed, and non-collusive negotiations conducted with the assistance of experienced mediator Jill R. Sperber, Esq.

4. The terms of the Settlement Agreement do not improperly grant

2

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

5.    The Court GRANTS the preliminary approval of the Settlement Agreement and all the terms and conditions contained therein.

### Certification for Settlement Purposes Only

6.    The Settlement Agreement defines the Settlement Class as follows:

> The approximately 34,562 persons identified on the Settlement Class List, including Plaintiffs, whose Confidential Information may have been compromised as a result of the Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, members of their families, and staff; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors; (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach, or who pleads *nolo contendere* to any such charge.

7.    If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, (a) to the extent applicable, the Preliminary Approval Order, the Final Approval Order, and the Judgment, and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the Settlement Class under Rule 23(b)(3), conditional appointment of Plaintiffs as Class Representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Settlement Agreement will be deemed null and void (with the exception of Paragraphs IV.D.66.), and the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) (i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of

3

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and the Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and the Judgment for any reason, or if the Effective Date of the Settlement cannot occur for any reason, Defendant shall retain all its rights, for example, to object to the maintenance of the Action as a class action, to move to dismiss, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action, or for any other purpose.

8. Solely for purposes of effectuating the proposed Settlement Agreement, the Court finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(a) are likely to be found satisfied as: (i) the Settlement Class is comprised of approximately 34,562  individuals; (ii) there are questions of law or fact common to the Settlement Class; (iii) the Class Representatives' claims are typical of those of Settlement Class Members; and (iv) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

9. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as: the questions of law or fact common to the Settlement Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints Brandi Adams

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

and Trevor Holden as Class Representatives.

11.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Counsel to represent the proposed Settlement Class: Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLC. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives, and all other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

## Administration and Notice to the Settlement Class

12.    The Court appoints Simpluris to serve as the Settlement Administrator. Simpluris shall supervise and administer the Notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary or provided for in the Settlement Agreement.

13.    All reasonable costs of Notice and costs of administering the Settlement shall be paid from the Settlement Fund as contemplated by Paragraph IV.A.2 and IV.D.68 of the Settlement Agreement.

14.    The Court approves, as to form and content, the proposed Claim Form, Long Form Notice, and the Summary Notice, which are attached to the Settlement Agreement as Exhibits A, D, and F, respectively, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the

Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee Award and Costs and Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

15.     Within seven (7) days of the Court entering the Preliminary Approval Order, Defendant shall, for the purpose of facilitating the distribution of the Summary Notices, provide the Settlement Administrator, who shall maintain such list confidentially and shall not disclose to any other party or third person, with the Settlement Class List.

16.     Pursuant to Section IV.G of the Settlement Agreement, the Settlement Administrator shall complete dissemination of the Notice on or before the Notice Date, defined in the Settlement Agreement as thirty (30) days from the date the Settlement Administrator receives the Settlement Class List from Defendant. Within fourteen (14) days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website which shall contain relevant documents relating to the settlement such as the Notices, information about the submission of Claim Forms, and other relevant documents (such as the operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order, Claim Form, any Motion for a Fee Award and Costs and Service Awards, any brief filed by the Parties in support of the Settlement, and the Final Approval Order).

**Participation in the Settlement, Requests for Exclusion and Objections**

17.     Settlement Class Members shall automatically be sent two years of Medical Shield Total by CyEx and a Monetary Payment. Settlement Class Members who wish to make a Claim for a Documented Time Payment or Out-of-Pocket Costs Payment must do so by submitting a Claim Form by the Claim Deadline, which is hereby set as ninety (90) days following the Notice Date, in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with

6

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

1  the Settlement Agreement.

2      18.    Settlement Class Members who wish to object to the Settlement must

3  mail to the Court, or file through the Court's ECF system, a written objection with

4  the caption *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.,* Case No.

5  8:24-cv-01754 (C.D. Cal.), that includes: (i) the Settlement Class Member's full

6  name, current mailing address, and telephone number; (ii) a signed statement that he

7  or she believes himself or herself to be a member of the Settlement Class and the

8  basis of such belief; (iii) the specific grounds for the objection; (iv) all documents or

9  writings that the Settlement Class Member desires the Court to consider; (v) a

10 statement regarding whether they (or counsel of their choosing) and/or any witnesses

11 intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court,

12 and docket number, of all other cases in which the objector and/or the objector's

13 counsel has filed an objection to any proposed class action settlement within the last

14 three years. All written objections must be post-marked no later than the Objection

15 Deadline. Any member of the Settlement Class who does not file a valid and timely

16 written objection in accordance with these procedures and the procedures detailed in

17 Paragraph IV.I.96 of the Settlement Agreement, shall be deemed to have waived his

18 or her objections and forever be barred from making any such objections in the

19 Action or in any other action or proceeding.

20     19.    Any putative member of the Settlement Class who seeks to be excluded

21 from the Settlement Class must submit a Request for Exclusion, which must be: (i)

22 submitted electronically on the Settlement Website, or (ii) postmarked or received by

23 the Settlement Administrator on or before the end of the Opt-Out Period. If a Request

24 for Exclusion to the Settlement Administrator is made via US Mail, the request must

25 be in writing and must: (i) identify the case name *Adams, et al. v. Calibrated*

26 *Healthcare Systems, LLC, et al.*, Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.); (ii)

27 state the name, address, and telephone number of the Settlement Class Members

28 seeking exclusion; (iii) be physically signed by the person seeking exclusion; and (iv)

contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Adams, et al. v. Calibrated Healthcare Systems, LLC, et al.*, Case No. 8:24-cv-01754-JWH-KES (C.D. Cal.)." A Valid Request for Exclusion must be addressed to the Settlement Administrator at the address below and postmarked or received by the Settlement Administrator no later than _____, 202_. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any member of the Settlement Class who does not file a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order.

## **Final Approval Hearing**

20.    The Final Approval Hearing shall be held by the Court on _____, _____, 202_, beginning at __:__ a.m., in Courtroom 9D of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701.

21.    At the Final Approval Hearing, the Court will determine whether:  (1) the requirements for certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) have been met; (2) the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (3) Class Counsel's Motion for a Fee Award and Costs and Service Awards should be approved; and (4) the Final Approval Order and the Judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Plaintiffs and all other Settlement Class Members should be entered.

22.    The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

23.    Objections by any Settlement Class Member to: (a) the certification of

8
**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement; and/or (c) the entry of the Final Approval Order and Final Judgment, shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections.

24.    On or before _____, 202_, Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. On or before _____, 202_, Class Counsel shall file all papers in support of any Motion for a Fee Award and Costs and Service Awards.

25.    Objections by any Settlement Class Member to Class Counsel's Motion for a Fee Award and Costs and Service Awards shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections, by _____, 202_.

26.    Class Counsel's Motion for a Fee Award and Costs and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's Motion for a Fee Award and Costs and Service Awards, or any reversal or modification of any such order, shall not operate to modify, terminate, or cancel the Settlement or affect or delay the finality of the Final Approval Order and Judgment.

27.    All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order by the Court.

28.    All Persons in the Settlement Class who do not validly and timely opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of

9

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

the Court.

29.    The Parties' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

**IT IS SO ORDERED.**


Dated: _____, 202_        _____
                                      HON. JOHN W. HOLCOMB
                                      UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

# EXHIBIT F

Calibrated Healthcare Settlement
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class
Mail
US Postage
Paid
Permit #__

*Adams, et al. v. Calibrated Healthcare*
*Systems, LLC, et al.*
Case No. 8:24-cv-01754-JWH-KES

**IF YOUR CONFIDENTIAL INFORMATION WAS POTENTIALLY COMPROMISED IN THE FEBRUARY 2024 CALIBRATED HEALTHCARE DATA BREACH, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**THIS NOTICE IS ONLY A SUMMARY.**
**VISIT**
**WWW.CALIBRATEDSETTLEMENT.COM**
**OR SCAN THIS QR CODE**
**FOR COMPLETE INFORMATION.**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

QR code

### Why am I receiving this notice?

A Settlement has been reached with Calibrated Healthcare Systems, LLC, and Calibrated Healthcare, LLC (collectively, "Calibrated") in a class action lawsuit. The case is about the February 2024 cyberattack on certain systems within Calibrated's computer network ("Data Breach"). Certain files containing Confidential Information were potentially accessed. Calibrated denies any liability or wrongdoing, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement Agreement is available on the Settlement Website.

### Who is included in the Settlement?

The Court has defined the class as: "the approximately 34,562 persons identified on the Settlement Class List, including Plaintiffs, whose Confidential Information may have been compromised as a result of the Data Breach."

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

### What are the Settlement Benefits?

All Class Members will **automatically** receive two years of **Medical Monitoring and Identity Theft Insurance Services** and a **Monetary Payment** that is estimated to be between $21.44 and $28.68.

**Additionally**, if you have documented losses you can get up to **$5,000.00** for **Out-Of-Pocket Costs**. If you can document that you spent time remedying or attempting to remedy problems caused by the alleged Data Breach, you can get $25.00/hour for up to seven hours (up to **$175.00**). Claims for documented **Out-of-Pocket Costs** and **Documented Time** may be filed online and may be reduced pro rata depending on the amount of Approved Claims.

For a full paper Claim Form call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

Full details and instructions are available online.

### What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Calibrated. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may mail an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

### When will the Court approve the Settlement?

The Court will hold a Final Approval Hearing in this case on **[FA Hearing Date]** at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, to consider whether to approve the Settlement. The

www.CalibratedSettlement.com

Court will also consider Class Counsel's request for attorneys' fees and costs of up to $575,000.00, and Service Awards of $5,000.00 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.