Daniel S. Robinson (SBN 244245)
Michael W. Olson (SBN 312857)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
drobinson@robinsonfirm.com
molson@robinsonfirm.com

Todd S. Garber (*Pro Hac Vice*)
Jeremiah Frei-Pearson (*Pro Hac Vice*)
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3281; Fax:
tgarber@fbfglaw.com
jfrei-pearson@fbgflaw.com

*Interim Co-Lead Counsel for Plaintiffs
and Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BRANDI ADAMS and TREVOR HOLDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CALIBRATED HEALTHCARE SYSTEMS, LLC and CALIBRATED HEALTHCARE, LLC,<br><br>Defendants. | Lead Case No.: 8:24-cv-01754-JWH-KES<br><br>Assigned for All Purposes to: Courtroom 9D, Hon. John W. Holcomb<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL CONFIDENTIAL SUPPLEMENTAL AGREEMENT**<br><br>[Filed Concurrently with Declaration and Proposed Order] |

In accordance with Civil Local Rule 79-5.2.2(b), Plaintiffs submit the following application for an order to file under seal the Confidential Supplemental Agreement to the Class Action Settlement Agreement and Release, which concerns the threshold number of opt-outs required in order to allow Defendants Calibrated Healthcare Systems, LLC and Calibrated Healthcare, LLC ("Defendants") to terminate the Settlement Agreement ("Opt-Out Threshold"). A redacted version of the Confidential Supplemental Agreement is not being filed with this Application as the entire Confidential Supplemental Agreement is being filed under seal.

Good cause exists for the Court to grant this Application because the Parties have agreed in the Settlement Agreement that the Confidential Supplemental Agreement should be filed under seal with the Court, and disclosing this information may ultimately lead to the potential for abuse. Importantly, numerous courts have concluded that opt-out threshold information is irrelevant to class members. *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del 2002) ("The notice did not need to include details such as . . . the confidential 'optout' threshold beyond which defendant reserved the right to withdraw from the settlement" because it was "irrelevant to members' opt-out decision."); *see also In re Remeron End-Payor Antitrust Litig.*, 2005 WL 2230314, at *18 (D.N.J. Sept. 13, 2005) (concluding that conditions under which a settlement can be terminated need not be disclosed because they have "no legitimate bearing on a class member's decision to opt-out of [a] settlement, object, or file a claims form"); *Friedman v. Guthy-Renker, LLC*, 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016) (explaining opt-out threshold information may matter to "a small subset of persons" but nonetheless granting plaintiff's motion to seal such information due to the risk of abuse).

Similarly, the court in *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) granted the parties' request to seal the Opt-Out Threshold in that case, finding the following:

> This Court and other courts have found that [opt-out threshold] information is sealable in order to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and obtaining higher

> payouts." If revealed, this information could lead to court files "becom[ing] a vehicle for improper purposes." Both class members and Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of optouts. Thus, the Court finds that compelling reasons exist to seal this information . . . .

*Id.*; *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (affirming district court's decision to approve class action settlement despite objectors' contention that the confidential opt-out provision of the settlement agreement rendered the agreement unfair, noting that "[o]nly the exact threshold, for practical reasons, was kept confidential"); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329 (C.D. Cal. 2016) (concluding the "threshold level of opt-outs which, if reached, permits JCPenney to withdraw from the Settlement Agreement . . . need not [be] disclose[d] to the class" and can remain under seal).

Here, the risk of abuse is "particularly acute" given the size of the Parties' settlement, as well as the fact that Defendants are well-known companies. *Spann*, 314 F.R.D. at 329–30 (holding that opt-out threshold need not be disclosed because "the size of the settlement [$50 million] and the fact that defendant is a well-known company likely mean that this settlement will generate attention and interest from many consumers and their attorneys"). Under these circumstances, "[p]ublicly disclosing the opt-out threshold would practically invite professional objectors to threaten the settlement by soliciting opt-outs." *Friedman*, 2016 WL 5402170, at *2.

The Parties not only agreed to file the entire Confidential Supplemental Agreement under seal, but Plaintiffs met and conferred with Defendants on September 18, 2025, prior to filing this Application, and informed Defendants of their intention to seal the Confidential Supplemental Agreement. Defendants do not oppose this Application.

Plaintiffs are filing this Application for Leave to File Under Seal in accordance with Civil Local Rule 79-5.2.2(b), along with the Declaration of Daniel S. Robinson in Support of Sealing, a [Proposed] Order, and an unredacted version of the Confidential Supplemental Agreement filed under seal.

///

Dated: September 18, 2025   By: */s/ Daniel S. Robinson*
Daniel S. Robinson (SBN 244245)
Michael W. Olson (SBN 312857)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
drobinson@robinsonfirm.com
molson@robinsonfirm.com

Todd S. Garber (*Pro Hac Vice*)
Jeremiah Frei-Pearson (*Pro Hac Vice*)
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3281; Fax:
tgarber@fbfglaw.com
jfrei-pearson@fbgflaw.com

*Interim Co-Lead Counsel for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: September 18, 2025              */s/ Daniel S. Robinson*
                                       Daniel S. Robinson