JS-6

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRANDI ADAMS, and TREVOR HOLDEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CALIBRATED HEALTHCARE SYSTEMS, LLC, and CALIBRATED HEALTHCARE, LLC,

Defendants.

Case No. 8:24-cv-01754-JWH-KES

**JUDGMENT**

Pursuant to the "Order Granting Plaintiffs' Motions for Final Approval of Proposed Class Action Settlement [ECF No. 55] and Regarding Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award [ECF No. 54]" entered substantially contemporaneously herewith, and in accordance with Rules 23 and 58 of the Federal Rules of Civil Procedure,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(d).

2. The proposed settlement as reflected in the Settlement Agreement [ECF No. 46], establishing a settlement fund of $1,750,000, is **APPROVED**.

3. The following settlement class, where capitalized terms have the meanings they have in the Settlement Agreement, is **CERTIFIED**:

> The approximately 34,562 persons identified on the Settlement Class List, including Plaintiffs, whose Confidential Information may have been compromised as a result of the Data Breach. Excluded from the Settlement Classes are: (1) the Judges presiding over the Action, members of their families, and staff; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors; (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach, or who pleads *nolo contendere* to any such charge.

4. Plaintiffs Brandi Adams and Trevor Holden are **APPOINTED** as the representatives of the settlement class.

5. Adams is **AWARDED** $5,000 as a service award for serving as class representative.

6. Holden is **AWARDED** $5,000 as a service award for serving as class representative.

7. Attorneys Daniel S. Robinson of Robinson Calcagnie, Inc. and Todd S. Garber of Finkelstein, Blankinship, Frei Pearson & Garber, LLC (collectively, "Class Counsel") are **AWARDED** attorneys' fees in the amount of $525,000 and the reimbursement of litigation expenses in the amount of $24,617.32.

8. The payment of attorneys' fees and expenses to Class Counsel, the service awards, administrative expenses, and other expenses detailed in Paragraph 68 of the Settlement Agreement in this action are **DIRECTED** to be made from the settlement fund, and the released parties as described in the Settlement Agreement shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, the service awards, or the administration costs. The released parties' only and total liability is the settlement fund.

9. The Settlement Agreement is **APPROVED** as fair, reasonable, and adequate as to, and in the best interests of, settlement class members; the parties and their counsel are **DIRECTED** to implement and consummate the agreement according to its terms and provisions; and the Settlement Agreement is **DECLARED** to be binding on, and to have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Adams, Holden, and the class.

10. To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, or otherwise on

behalf of the settlement class or its members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the Settlement Agreement.

11. All persons who are members of the settlement class are bound by this Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

12. The Court **RETAINS** continuing jurisdiction over this action with respect to the following matters:

a. the enforcement of the terms of the Settlement Agreement;

b. issues relating to settlement administration; and

c. the enforcement of this Judgment and any order relating to attorneys' fees or expenses, the class representative service award, or administration costs.

13. Other than potential post-judgment remedies, to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 25, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE